PHYFE et al. v. METROPOLITAN EL. RY. CO. et al.

(Superior Court of New York City, General Term. January 7, 1895.)

ELEVATED RAILROAD—INJURIES TO ABUTTERS—VALUE OF EASEMENTS.

A finding that easements appurtenant to abutting premises taken by an elevated railroad have a certain value, does not mean that such is the value, apart from consequential damages to the premises, where a further finding states that such easements have in themselves only a nominal value.

Appeal from equity term.

Action by Julia M. Phyfe, as executrix and trustee, and others, against the Metropolitan Elevated Railway Company and another. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Davies, Short & Townsend (Julien S. Davies, Sherrill Babcock, and Henry J. Hemmens, of counsel), for appellants.

Hawkins & Delafield (Eugene D. Hawkins, of counsel), for respondents.

PER CURIAM. In finding that "the value of the easements appurtenant to said premises taken, appropriated or interfered with by the maintenance and operation of said elevated railroad, is the sum of $11,500," the learned chief justice who tried this cause did not mean to be understood that that is the value of the easements taken, considered by themselves and apart from any consequential damage

to the premises to which they are appurtenant; for by another finding he expressly found that "the easements appurtenant to the plaintiffs' land taken for the said railway uses in and of themselves, apart from any consequential damage to said land from said taking, have only nominal value." Other findings speak of the damage to the entire premises, and of its continuous character, and the conclusions of law found expressly recognize the liability of the defendants for consequential damages only to the premises as a whole. It may plainly be seen, therefore, that the sum fixed to be paid by the defendants in avoidance of the injunction represents the consequential fee damage. After a careful examination of the whole case, we are of the opinion that substantial justice has been done between the parties, and that there is no exception which calls for a reversal of the judgment. The judgment should be affirmed, with costs.